Elaine Ball SMITH, Parent and next
friend of Askia BATTLE, a minor,
et al., Appellants,

v.

DISTRICT OF COLUMBIA, A Munici-
pal Corporation and Robert C. Rice,
Officially as Interim Superintendent,
District of Columbia Public Schools,
Appellees.

No. 03–7130.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 3, 2004.

Michael Jeffrey Eig, Haylie Michelle Iseman, Michael J. Eig & Associates, P.C., Chevy Chase, MD, for Plaintiffs–Appellants.

Matthew B. Bogin, Law Office of Matthew B. Bogin, Rockville, MD, for Plaintiffs–Appellants and Defendant–Appellee.

Edward Eugene Schwab, Dep Atty Gen, Mary T. Connelly, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Washington, DC, for Defendants–Appellees.

Before ROGERS, TATEL, and GARLAND, Circuit Judges.

## JUDGMENT

Upon consideration of the record from the United States District Court for the District of Columbia and the parties' briefs and arguments, it is

ORDERED and ADJUDGED that the orders from which this appeal has been taken be affirmed.

Plaintiffs seek attorneys' fees for work performed on Individuals with Disabilities Education Act ("IDEA") claims against the District of Columbia Public Schools ("DCPS"). Some of these claims resulted in administrative decisions favorable to the plaintiffs. Others resulted in settlements providing relief that the plaintiffs sought. DCPS mooted the case of one plaintiff when it provided the relief sought without entering into a formal settlement.

In one of two orders from which plaintiffs appeal, the district court dismissed the fee claims brought by plaintiffs who never secured an administrative decision. In the second order, involving fee requests from those plaintiffs who secured administrative decisions, the court granted the fee requests in part, awarding $84,327.10 less than the amount plaintiffs requested. The court explained that the fee request was insufficiently specific and that plaintiffs failed to respond adequately to DCPS's line-item challenges.

As we explain in *Alegria v. District of Columbia*, 391 F.3d 262 (D.C.Cir. 2004), issued today, plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not "prevailing parties" entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B). Neither are plaintiffs who prompt a school district to provide special educational services even absent a settlement, as *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which held that the term "prevailing party" does not cover plaintiffs who merely catalyze government action, *id.* at 610, 121 S.Ct. 1835, governs the IDEA's fee-shifting provision. *See Alegria, supra.*

Plaintiffs allege that regardless of the fee-shifting provision's terms, DCPS is equitably estopped from denying statutory liability for fees in some of the settled cases due to a memorandum in which it promised to pay fees "to the extent permitted by law." In five settled cases where the agreements provide that DCPS will pay some attorneys' fees, plaintiffs further allege, the agreements and the memorandum estop DCPS from denying statutory liability for fees. A memorandum or settlement agreement, however, cannot generate statutory liability where none otherwise exists. While promises in a memorandum or settlement agreement might give rise to certain state law claims, a federal court is unable to hear these

claims absent diversity or supplemental jurisdiction, which plaintiffs never allege in their complaint.

■ The district court's reduction of fees claimed by plaintiffs who secured administrative rulings comports fully with our decision in *Role Models America v. Les Brownlee,* 353 F.3d 962 (D.C.Cir.2004) (discussing requirements for documenting time in a fee request). Plaintiffs' fee request contains many vague entries, including entries that fail to list the subject matter on which the attorney worked. *See id.* at 974 (citing *In re Olson,* 884 F.2d 1415, 1428–29 (D.C.Cir.1989) (per curiam) (requiring some indication of the subject matter on which the attorney's time was spent)). When attorneys fail to document a fee request adequately, the court may estimate an appropriate amount by which to reduce the award. *See Role Models,* 353 F.3d at 973; *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). As plaintiffs failed to respond to DCPS's line-item objections to their fee request, the district court's reduction of the award by the amount to which DCPS objected was not an abuse of discretion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.